Diana BUCHHOLZ and William
Buchholz, Plaintiffs–
Appellants,

v.

MOSBY–YEAR BOOK, INC., David Maire,
and Automobile Club Interinsurance
Exchange, Defendants–Respondents.

No. 73184.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 2, 1998.

Brandenburg & Lownsdale, James E. Lownsdale, St. Louis, for plaintiffs-appellants.

Kraft & Harfst, Carl D. Kraft, St. Louis, for defendants-respondents.

KAROHL, Judge.

Diana Buchholz and her husband, William Buchholz, (Insureds) appeal from a partial summary judgment granted in favor of Automobile Club Inter–Insurance Exchange (Insurer), their automobile liability insurance carrier. They alleged a claim based on the uninsured motorist's provision of their automobile liability insurance policy. The court concluded the phantom driver did not proximately cause a two vehicle collision and Diana Buchholz's injuries. On the summary judgment facts, as a matter of law, the actions of the phantom driver could be the proximate cause of Diana Buchholz's injuries. We reverse and remand.

The summary judgment facts follow. On November 12, 1993, Diana Buchholz was driving an automobile in a northbound through lane of traffic on Schuetz Road. She was stopped at the intersection of Villa Dorado behind a vehicle stopped at a red traffic signal. She sustained personal injuries when David Maire struck the rear of her vehicle while driving a vehicle owned by his employer, Mosby–Year Book, Inc. According to the police report, Maire's vehicle skidded on wet

pavement. The vehicles were in a through lane, but the left turn indicator of the vehicle in front of Diana Buchholz was signaling a left turn. There was a lane designated for left turns to the left of the through lane. David Maire approached the intersection when the light was red. The light changed to green, but the vehicles in front of his did not move. The forward vehicle remained stopped at the green light for approximately 10 seconds. It prevented Diana Buchholz from moving her vehicle. As David Maire approached the rear of Diana Buchholz's vehicle, he applied his brakes, but was unable to stop. At the time of the collision, the forward vehicle began to make a left turn from the through lane. The identity of the driver of the forward vehicle was never determined.[1]

Insureds filed their first amended petition containing three counts. They settled the first two counts which were for her injury and his consortium claims against David Maire and his employer. In Count III, they sought recovery under the uninsured motorist's provision of their insurance policy with Insurer. Insurer filed a motion for partial summary judgment on the issue of liability on Count III of the first amended petition. It alleged there were no genuine issues of material fact with respect to the claim for uninsured motorist's coverage and it was entitled to judgment as a matter of law. The trial court sustained the motion for summary judgment on the grounds that the forward vehicle's actions were not the proximate cause of injury.

Insureds appeal and argue: (1) the summary judgment procedure is unconstitutional; (2) there are unresolved genuine issues of material fact regarding an uninsured motorist's negligence which caused or contributed to cause Diana Buchholz's injuries and that David Maire's conduct was not an intervening cause, but rather concurred with the actions of the forward vehicle to cause Diana Buchholz's injuries; and (3) the uninsured motorist provisions of Insurer's policy are ambiguous and violate section 379.023 RSMo

1994 because they unlawfully limit coverage. The parties' dispute regarding medical payment coverage has been settled and withdrawn.

Our review of summary judgment is essentially *de novo*. *ITT Commercial Finance v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). When reviewing an order for summary judgment, we consider the record in the light most favorable to the party against whom judgment was entered and afford that party all reasonable inferences that may be drawn from the evidence. *Id.* Summary judgment will be upheld on appeal if the movant is entitled to judgment as a matter of law and no genuine issues of material fact exist. *Id.*

Insurer argued in its brief that on the undisputed facts, Insureds could not recover for the alleged negligence of the phantom driver because her actions were not the proximate cause of the collision and Diana Buchholz's injuries. Insureds respond there are genuine issues of material fact regarding whether or not the phantom driver's conduct proximately caused or contributed to cause the collision. Insureds also contend the phantom driver's conduct concurred with the actions of David Maire to cause Diana Buchholz's injuries.

To establish causation, the tortfeasor's conduct must be the cause in fact and the proximate cause of plaintiff's injuries. *Callahan v. Cardinal Glennon Hospital*, 863 S.W.2d 852 (Mo. banc 1993). In this case, we are concerned with whether the trial court erred in granting summary judgment on the grounds that the forward vehicle's actions did not proximately cause Diana Buchholz's injuries as a matter of law.

"The practical test of proximate cause is whether the negligence is an efficient cause which sets in motion the chain of circumstances leading to the plaintiff's injuries or damages." *Schaffer v. Bess*, 822 S.W.2d 871, 876 (Mo.App.1991) (*citing, Deskin v. Brewer*, 590 S.W.2d 392, 399 (Mo.App.1979)). The test looks back, after the occurrences, and examines whether the injury appears to be

---

**1.** The driver of the forward vehicle is considered an uninsured motorist under section 379.203.1 RSMo 1994.

the reasonable and probable consequence of the defendant's conduct. *Tompkins v. Cervantes,* 917 S.W.2d 186, 190 (Mo.App. E.D. 1996).

When two or more individuals commit consecutive acts of negligence closely related in time, there is a question as to whether the initial act of negligence was the proximate cause or whether an efficient, intervening cause exists. *Buck v. Union Elec. Co.,* 887 S.W.2d 430, 434 (Mo.App. E.D.1994). An efficient, intervening cause may not consist of an act of concurring or contributing negligence. *Id.* It must so interrupt the chain of events that it becomes the responsible, direct, proximate and immediate cause of the injury. *Id.*

Questions of proximate cause and efficient, intervening cause require each case to be decided on its own facts. *Krause v. United States Truck Co.,* 787 S.W.2d 708, 710 (Mo. banc 1990). Whether proximate cause exists is usually a question for the jury, but a court may decide the issue of proximate cause "when the evidence reveals the existence of an intervening cause which eclipses the role the [original actor's negligence] played in the plaintiff's injury." *Tompkins,* 917 S.W.2d at 190. However, the mere existence of an intervening act is not decisive. The intervening act must be a superseding cause that is independent of the original actor's negligence and severs the connection between the original actor's conduct and the plaintiff's injury as a matter of law. *Id.* at 190–91. For an intervening act to relieve the original tortfeasor from liability, the act cannot be a foreseeable consequence of the original act of negligence. *Id.* at 191.

Insurer argues the negligence of the phantom driver was merely a prior and remote cause that cannot be made the proximate cause of injury because it did nothing more than create a condition of the accident. *Clymer v. Tennison,* 384 S.W.2d 829, 835 (Mo.App.1964). This argument is legally correct only if David Maire's negligence is considered a completed, independent and superseding cause of Diana Buchholz's injuries as a matter of law. We hold the summary judgment facts do not support such findings.

David Maire's negligence does not constitute a superseding cause, as a matter of law. His negligence was not, as a matter of law, independent and unrelated to the phantom driver's conduct in blocking the through lane of traffic for which there was a green traffic light in order to make a left turn. The affidavit in support of the motion for summary judgment includes a police report and road diagram showing there was an available left turn lane to the left of the through lane occupied by the phantom driver. The summary judgment facts would support finding the phantom driver could have reasonably foreseen that another vehicle would collide with Diana Buchholz's vehicle because the forward vehicle, with a green light, blocked Diana Buchholz's movement through the intersection. The summary judgment facts could also support finding the driver knew or should have known that one of the risks related to remaining stopped at a green light in a through lane would be that vehicles stopped behind her were thereby exposed to being struck by following motorists who were aware of the green light. As a matter of summary judgment, David Maire's conduct was not unforeseeable and his actions were concurrent, not independent of the actions of the phantom driver. Insureds' remaining points on appeal are moot.

We reverse the summary judgment and remand the cause of action.

AHRENS, P.J., and CRANDALL, J., concur.