# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 17-3716

———————————————

Roger D. Cottrell; Teresa M. Cottrell

*Plaintiffs - Appellants*

v.

American Family Mutual Insurance Company, S.I.

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the Eastern District of Missouri - Hannibal

——————————

Submitted: January 16, 2019
Filed: July 18, 2019

——————————

Before SMITH, Chief Judge, COLLOTON and ERICKSON, Circuit Judges.

——————————

SMITH, Chief Judge.

Roger Cottrell appeals the district court's grant of summary judgment in favor of American Family Mutual Insurance Co., S.I., ("American Family") determining that American Family did not owe uninsured motorist coverage to Cottrell after he was involved in a car crash with Mason Baumgarte. The district court concluded that Baumgarte's actions were the sole proximate cause of the accident. Cottrell asserts that the district court erred. He argues that disputed issues of material fact made

summary judgment inappropriate. He contends that an unidentified third party on the road at the time of the crash was a proximate cause of the accident. If Cottrell is correct, his claim against American Family for benefits under the uninsured motorist coverage provision of his policy should proceed. In its summary judgment order, the district court determined that Baumgarte was both the actual and proximate cause of the accident, regardless of the third car's action. We reverse because material facts remain disputed as to causation, making summary judgment inappropriate.

## I. *Background*

Several cars traveling on a divided highway met at an intersection of the highway and an access road. Two of them collided. The highway had two northbound lanes divided by a median from two southbound lanes. An access road intersected with the highway and cut straight across at a perpendicular angle to the main highway traffic. Cottrell was northbound, driving at least the speed limit—65 miles-per-hour—but perhaps as fast as 75 miles-per-hour. As Cottrell approached the access road crossing, Baumgarte was stopped on the access road on Cottrell's right-hand side preparing to cross the highway. Baumgarte intended to cross over the two northbound lanes on the access road, onto the median, and then enter southbound traffic. Facing Baumgarte on the access road, stopped in the median, was a brown car apparently preparing to enter northbound traffic.

Baumgarte saw the driver of the brown car wave to him in a manner that Baumgarte interpreted as permission to cross the highway before the brown car driver would complete his turn into northbound traffic. Baumgarte also saw Cottrell approaching the intersection. Baumgarte believed he "had enough distance to where [Cottrell] wouldn't have been a problem" and that he "could have got across [the northbound lanes] safely." Mem. in Opp'n to Mot. for Summ. J., Ex. A, Baumgarte Dep. at 20, *Cottrell v. Am. Family Mut. Ins. Co., S.I.*, No. 2:17-cv-00012 (E.D. Mo. Aug. 28, 2017); ECF No. 29-1. After double-checking traffic, Baumgarte began across the northbound lanes towards the median. As he crossed the highway, the brown car

pulled into the left northbound lane, momentarily blocking Baumgarte's passage, causing Baumgarte to either slow down or completely stop—right in front of Cottrell. Cottrell T-boned Baumgarte. The brown car drove away in the northbound lane, and its driver remains unidentified.

When interviewed about the accident, Cottrell stated that he saw Baumgarte before he pulled out into the intersection. In response to a question about whether he could "slam on [the] brakes, swerve, [or] do anything like that" to avoid the collision after Baumgarte pulled onto the highway, Cottrell said "[t]here was no time." Mot. for Summ. J., Ex. C at 590–91, *Cottrell v. Am. Family Mut. Ins. Co., S.I.*, No. 2:17-cv-00012 (E.D. Mo. July 28, 2017), ECF No. 21-3. Another driver, Silvia Louise Rousan-Elliott, saw the accident. When interviewed by police at the scene, Rousan-Elliott said that the brown car "led to the collision." Mem. in Opp'n to Mot. for Summ. J., Ex. E, Rousan-Elliott Dep. at 10, *Cottrell v. Am. Family Mut. Ins. Co., S.I.*, No. 2:17-cv-00012 (E.D. Mo. Aug. 28, 2017), ECF No. 29-6.

Cottrell filed a claim with American Family seeking compensatory damages for bodily injury under his policy's uninsured motorist provision. American Family denied the claim after Baumgarte's insurance assessed Baumgarte 100 percent of the liability for the accident and agreed to pay Cottrell's property damage. This lawsuit followed.

In its summary judgment decision, the district court noted Cottrell's theory for recovery for an uninsured motorist incident is contractual but depends upon the tort liability principle of proximate cause. Under Missouri law, courts, not juries determine proximate cause in the absence of a material fact dispute. *See Townsend v. E. Chem. Waste Sys.*, 234 S.W.3d 452, 466 (Mo. Ct. App. 2007). Finding no genuine issues of material fact, the district court, relying on *Horton v. Swift & Co.*, 415 S.W.2d 801 (Mo. 1967), determined that Baumgarte proximately caused the accident by entering the intersection in front of Cottrell. The district court concluded that Baumgarte lacked

time to safely cross the highway ahead of Cottrell. Because the court concluded Baumgarte was the actual and proximate cause of the accident, Cottrell's assertion that the brown car had a role in the collision failed. Consequently, his claim for uninsured motorist coverage from American Family also failed. Cottrell now appeals.

## II. *Discussion*

We review a district court's grant of summary judgment de novo. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). "Summary judgment is proper 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(c)(2)). We view facts in the light most favorable to the nonmoving party, and we make no determinations of credibility; nor do we weigh the evidence or draw inferences, as those functions belong to the jury. *Id.* The question before us is whether the record, when viewed in the light most favorable to Cottrell, shows that there is no genuine issue as to any material fact and that American Family is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

We determine materiality of facts based on the substantive law governing an underlying claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Facts that, if altered, affect the outcome of a lawsuit under applicable substantive law, are material. *Id.* A material fact dispute is "genuine" if each party has supplied some evidence that is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* In this case, facts affecting determination of the proximate cause of this car crash are material.

Under American Family's insurance contract, a policy holder must establish that an uninsured motorist was liable in tort law to the policy holder in order for uninsured motorist coverage to apply. The pertinent question is whether the brown

car's actions were a proximate cause of Cottrell's wreck with Baumgarte. "The practical test of proximate cause is whether the negligence is an efficient cause which sets in motion the chain of circumstances leading to the plaintiff's injuries or damages." *Buchholz v. Mosby-Year Book, Inc.*, 969 S.W.2d 860, 861 (Mo. Ct. App. 1998) (internal quotation omitted). If the chain is unbroken, and the car crash was the "reasonable and probable consequence of the act or omission of [the negligent party]"—i.e., the brown car—then that act was the proximate cause of the tort. *Payne v. City of St. Joseph*, 135 S.W.3d 444, 451 (Mo. Ct. App. 2004) (internal quotation omitted).

In some cases, however, a second negligent act breaks the chain of causation, relieving the originally negligent actor of liability. "When two or more individuals commit consecutive acts of negligence closely related in time, there is a question as to whether the initial act of negligence was the proximate cause or whether an efficient, intervening cause exists." *Buchholz*, 969 S.W.2d at 862. The intervening act "must so interrupt the chain of events that it becomes the responsible, direct, proximate and immediate cause of the injury." *Id*. The legal effect of this type of superseding event "severs the connection between the original actor's conduct and the plaintiff's injury as a matter of law." *Id*. Intervening acts must be so separate that they are not foreseeable consequences of an original act of negligence. *Id*.

The district court determined that even if the brown car's gesture to Baumgarte to enter the roadway was negligent, Baumgarte's subsequent act of entering the highway was an intervening act that severed the brown car's liability and became the sole cause of injury. The district court relied on *Horton*. In *Horton*, a taxi driver waved for a pedestrian "to come on" across traffic, to get in the taxi. 415 S.W.2d at 802. As the pedestrian was getting in the taxi, a truck driver struck and injured the pedestrian. *Id*. The pedestrian sued the taxi driver for negligence in waving her over, but the Missouri Supreme Court found that the proximate cause of the injury was "her act in opening the door so close to the truck and the movement of the truck at that

time." *Id*. at 803. *Horton*, however, is factually distinguishable. The brown car driver did more than make a hand gesture. The driver also entered the flow of traffic in front of Baumgarte. So even if Baumgarte's intervening act severed any liability of the brown car for the initial hand gesture, there is a question whether the brown car's subsequent act of entering the flow of traffic was an act of concurring or contributing negligence that gives Cottrell a legal entitlement to recover from the uninsured motorist.

On summary judgment, the district court is not to weigh evidence or draw inferences. The material facts must be undisputed. On this record, material facts remain unresolved. Specifically, a question of fact exists on whether Baumgarte's entry into the highway, alone, caused the accident or whether the brown car's entry ahead of Baumgarte caused him to stop, making the accident unavoidable. A fact finder should resolve whether Baumgarte could have made it across the intersection but for the brown car cutting him off, or whether Baumgarte pulled out so close to Cottrell that an accident was certain despite the brown car's presence. These questions are not settled by the record taken in the light most favorable to Cottrell.

The district court's analysis seemed to credit Cottrell's statement that Baumgarte entered the highway too suddenly for Cottrell to evade a collision. But, both Baumgarte's and Rousan-Elliott's testimony support a potential finding that Baumgarte had time to safely cross the road and that the brown car caused the accident by pulling out and blocking Baumgarte's path. Viewing the record in the light most favorable to Cottrell, a reasonable jury could credit Baumgarte's testimony that he had enough time to safely cross the highway. The brown car then, unexpectedly, cut Baumgarte off by proceeding into the northbound traffic, after waving him on, which forced Baumgarte to stop. These facts are disputed and material.

### III. *Conclusion*

Material questions of fact remain that could affect the proximate cause analysis in this case. We therefore reverse the district court's grant of summary judgment, and we remand for further proceedings. We decline to address Cottrell's argument for vexatious refusal against American Family because that analysis is bound up in the same unresolved questions of fact that make summary judgment inappropriate.

_____